■ In the Matter of KI YUNG LEE, Appellant, v 2MJC, INC., et al., Respondents. [971 NYS2d 871]—Order, Supreme Court, New

York County (O. Peter Sherwood, J.), entered February 15, 2013, which, upon respondent Myungjin Chung's voluntary agreement to make respondent 2MJC, Inc.'s books and records available to petitioner for review, sua sponte canceled a hearing set to determine whether or not petitioner was a shareholder of 2MJC and deemed the petition dismissed as moot upon delivery of the demanded books and records, unanimously reversed, on the law, without costs, the petition reinstated, and the matter remanded for a hearing to determine whether petitioner is a shareholder of 2MJC.

Respondents having denied petitioner unconditional access to the corporation's books and records by calling into question his shareholder status, petitioner was entitled to have that status determined in a proceeding under Business Corporation Law § 624 (*see Matter of Estate of Purnell v LH Radiologists*, 90 NY2d 524 [1997]). Concur—Friedman, J.P., Moskowitz, Richter, Manzanet-Daniels and Gische, JJ.